```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

Penny LeClaire,                  :
        Petitioner,              :
                                 :
     v.                          :      File No. 2:02-CR-128
                                 :
United States of America,        :
        Respondent.              :
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 46 and 51)

Petitioner Penny LeClaire, proceeding *pro se*, has filed two motions to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (Papers 46 and 51). At LeClaire's sentencing in February, 2004, Judge Sessions recommended that she be allowed to participate in the Intensive Confinement Center ("ICC") program, also known as federal boot camp. In January, 2005, the Bureau of Prisons ("BOP") discontinued the boot camp program. LeClaire claims that cancellation of the boot camp program was unlawful, and that denial of access to the program, which allegedly would have included a period of home detention and potential eligibility for a sentence reduction, has effectively extended the length of her sentence.

In its response (Paper 49), the government argues that LeClaire is challenging the execution, rather than

the legality, of her sentence, and that her motions must therefore be brought pursuant to 28 U.S.C. § 2241.  The government also contends that LeClaire is incarcerated in West Virginia, and that a § 2241 motion must be brought in a Court with jurisdiction over her custodian.  For the reasons set forth below, I agree with the government and recommend that LeClaire's motions be DENIED.

## Factual Background

On February 2, 2004, Judge Sessions sentenced LeClaire to 57 months in prison for conspiracy to distribute cocaine.  The Court's Judgment and Commitment Order recommended "that this defendant be placed in a minimum or low security level facility and that when eligible she be allowed to participate in the Intensive Confinement Center."  (Paper 49 at 7).  On January 14, 2005, BOP Director Harley Lappin informed all Federal Judges, Chief U.S. Probation Officers, Federal Public Defenders, and U.S. Attorneys that the ICC program was being cancelled.  Id. at 13-14.  In his memorandum, Lappin stated that "[t]he lack of significant beneficial results, coupled with recent budgetary constraints, has led us to the conclusion that we can no longer justify

the expenditure of public funds to operate the ICC program." Id. at 14.

LeClaire argues that participation in the ICC program "would have had me out of Prison in 2006." However, "now that the BOP closed the Boot Camp, I won't be getting out until the end of 2007, beginning of 2008." (Paper 46 at 13). LeClaire is asking for a declaratory judgment stating that the BOP's termination of the boot camp program was unlawful. She also requests an immediate transfer to such a program. In the alternative, LeClaire seeks re-sentencing "to a reduced period of incarceration with modified conditions of supervised release to achieve a sentence similar to boot camp disposition." (Paper 51 at 6).

## Discussion

The government argues that LeClaire cannot bring her petition pursuant to § 2255, and that her petition must instead be brought pursuant to § 2241. Section 2255 provides that a federal prisoner may move a court to vacate, set aside, or correct her sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

>     the sentence was in excess of the maximum
>     authorized by law, or it otherwise subject to
>     collateral attack.

28 U.S.C. § 2255.  The Second Circuit has explained that § 2255 "is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence."  Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) (emphasis in original) (citing Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997)).  In contrast, § 2241 "is the proper means to challenge the *execution* of a sentence."  Adams, 372 F.3d at 135 (emphasis in original) (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)).  "In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Id.; see also Rickenbacker v. United States, 365 F. Supp. 2d 347, 353 (E.D.N.Y. 2005).

Here, LeClaire claims that the BOP's cancellation of the ICC program was unlawful.  Specifically, she argues that the "unilateral termination" of the program violated Article I, Section 7 of the Constitution, the notice and comment requirements of the Administrative Procedures

4

Act, and the *Ex Post Facto* clause of the Constitution. (Paper 51 at 5). Each of these arguments targets a policy change by the BOP that impacted the execution of her sentence. Accordingly, these arguments may not be brought under § 2255.

A similar claim was presented in United States v. Addonizio, 442 U.S. 178, 180 (1979), wherein the sentencing court expected that "exemplary institutional behavior" would lead to early release when the petitioner became eligible for parole. After the petitioner was sentenced, the Parole Commission changed its policies with respect to the granting of parole. Addonizio, 442 U.S. at 182. The petitioner was subsequently denied parole twice, and filed a motion for re-sentencing pursuant to § 2255. Id. The Supreme Court determined that the petition could not be brought under § 2255, since the Parole Commission's new policy "affected the way in which the court's judgment and sentence would be performed but it did not affect the lawfulness of the judgment itself - then or now." Id. at 187.

LeClaire also claims that because the boot camp program was subsequently eliminated, the sentencing court

relied on misinformation amounting to a due process violation. Some courts have considered this type of claim under § 2255. See, e.g., United States v. McLean, 2005 WL 2371990, at *2 (D. Or. Sept. 27, 2005); Mendez v. United States, 2005 WL 2371979, at *2 (W.D. Tex. Sept. 23, 2005); see also Fason v. Sanders, 2005 WL 2897041, at *7 (E.D. Ark. Nov. 3, 2005) (due process claim must be presented to sentencing court under § 2255). A fundamental consideration in these cases was whether the sentencing court had relied upon the ICC's continuing availability. McLean, 2005 WL 2371990, at *5; Mendez, 2005 WL 2371979, at *2. If the sentencing court relied upon "false and unreliable information when imposing sentence and recommending participation in the Program," a due process violation occurred. McLean, 2005 WL 2371990, at *4 (citing United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004)); see also United States v. Tucker, 404 U.S. 443, 447-48 (1972) (court must have relied at least in part on "misinformation of a constitutional magnitude").

Here, there was no reliance upon misinformation at the time of sentencing. LeClaire was sentenced in

February, 2004.  Although the ICC program "was not formally terminated until January 14, 2005, prisoners were not being considered for eligibility as of November 2004."  McLean, 2005 WL 2371990, at *5.  Therefore, had LeClaire been sentenced after November, 2004, it might be arguable that the Court had relied upon facts that were no longer accurate.  See, e.g, id. (December, 2004 sentencing relied upon "objectively unreliable fact that was material to [the court's] determination of sentence").  At the time of LeClaire's sentencing, however, the ICC program was still being implemented.  Therefore, "the Court was not misinformed regarding the availability of the boot-camp program at the time of imposing sentence," and LeClaire has no basis for claiming a due process violation under § 2255.  United States v. Serrato, 2005 WL 1661831, at *5 (D. Or. July 14, 2005); see Mendez, 2005 WL 2371979, at * 2.

   Since LeClaire's remaining allegations challenge the cancellation of the ICC program, and not the legality of her sentence, she cannot bring her claims pursuant to § 2255.  Adams, 372 F.3d at 134-35; Serrato, 2005 WL 1661831, at *6.  If, as the government suggests, LeClaire

re-files her motions pursuant to § 2241, she must do so in the judicial district where she is currently confined. 28 U.S.C. § 2241(a).  The government has submitted an affidavit showing that as of October 13, 2005, LeClaire was incarcerated in Alderson, West Virginia, which is located in the Southern District of West Virginia. (Paper 49 at 12).  Presuming that LeClaire is still incarcerated in West Virginia, this Court has no jurisdiction to consider her motions under § 2241. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004); <u>Boone v. Menifee</u>, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005)  I therefore recommend that LeClaire's motions be DENIED.

### Conclusion

For the reasons set forth above, I recommend that LeClaire's habeas corpus motions (Papers 46 and 51) be DENIED.

Dated at Burlington, in the District of Vermont, this 24th day of February, 2006.

<u>/s/ Jerome J. Niedermeier</u><br>
Jerome J. Niedermeier<br>
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).