```
               UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT

Penny LeClaire,                 :
        Petitioner,             :
                                :
     v.                         :     File No. 2:02-CR-128
                                :
United States of America,       :
        Respondent.             :
```

## OPINION AND ORDER
### (Paper 54)

Defendant Penny LeClaire has filed a motion seeking relief with respect to the execution of her federal sentence (Paper 54).  Specifically, LeClaire seeks "to benefit" from recent appeals court decisions, including a decision out of the Second Circuit, invalidating a Bureau of Prisons regulation relating to community confinement. The government opposes the motion, arguing that because LeClaire is attacking the execution, rather than the imposition of her sentence, and because her remedy lies within the power of a prison warden in West Virginia, the Court lacks jurisdiction.  For the reasons set forth below, the Court agrees with the government's position, and LeClaire's motion is DENIED without prejudice.

On February 2, 2004, the Court sentenced LeClaire to 57 months in prison for conspiracy to distribute cocaine. LeClaire claims that although her projected release date

is November 22, 2007, "recent changes in case law" entitle her to an earlier release.  The cases upon which LeClaire relies are <u>Levine v. Apker</u>, 455 F.3d 71 (2d Cir. 2006) and <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005).  In each case, the Court of Appeals held that the Bureau of Prisons had improperly exercised its rulemaking authority in connection with the assignment of prisoners to Community Corrections Centers. <u>Levine</u>, 455 F.3d at 86; <u>Woodall</u>, 432 F.3d at 249-51.

If LeClaire wishes to challenge the scheduling of her release into the community, she must bring her claim as a habeas corpus petition under 28 U.S.C. § 2241.  <u>See Jiminian v. Nash</u>, 245 F.3d 144, 146 (2d Cir. 2001). Section 2241 applies when a prisoner is challenging the execution of her sentence.  <u>See</u> <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997).  "Execution of a sentence includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions."  <u>Levine</u>, 455 F.3d at 78 (citations and internal quotation marks omitted) (emphasis in <u>Levine</u>).  As the Second Circuit

explained in Levine:

> Levine's petition challenges the *place* of his imprisonment, including the differences in the *manner* and *conditions* of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish CCCs from other BOP penal facilities. Levine's claim is therefore not an attack on the lawfulness of his sentence, but rather an attack on the execution of his sentence, and as such is governed by § 2241.

455 F.3d at 78 (emphasis and parenthetical in original). Here, LeClaire is challenging her place of confinement, the manner of confinement, and the computation of her sentence by prison officials. Accordingly, the analysis set forth in Levine applies, and LeClaire must bring her action in a petition filed pursuant to § 2241.

An action under § 2241 must be brought in the district where the prisoner is confined. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); Boone v. Menifee, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005). In Levine, the prisoner was sentenced and incarcerated in New York. 455 F.3d at 73. Here, LeClaire was sentenced in Vermont, but is incarcerated in West Virginia. Moreover, she properly asks the Court to direct its order to the warden of her prison facility. See Billiteri v. United States Bd. Of Parole, 541 F.2d

938, 948 (2d Cir. 1976) (proper person to be served in a habeas corpus action is the warden).  Because this Court has no jurisdiction over LeClaire's custodian, she cannot bring a § 2241 petition in Vermont, and her current motion (Paper 54) is DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of January, 2007.


/s/ William K. Sessions III
William K. Sessions III
Chief Judge, United States District Court